Gaston, Judge.
Under the act of 1831, the Judges of the Superior Courts may permit an appeal to this Court from an interlocutory judgment or decree, and an appeal so allowed, does not remove the record of the cause into this Court, but brings before it so much only of the matter in controversy, as shall be certified by the Court below, as necessary for the consideration of the question on the appeal. It is under this act that the plaintiffs bring up this appeal from a decretal order of the Court of-Equity for the County of Curituck, dissolving an'injunction.
The gravamen upon which the injunction issued, is set forth in the bill of the plaintiffs, as follows. Sampson Etheridge died in 1822, having duly made his last will and testament, and therein appointed the defendant, Elizabeth, executrix, who proved the will, and took upon herself the duty of executing it. By this will, the testator bequeathed to her all his estate real and personal, during her natural life, and subject to this disposition, gave certain negro slaves to his children, the plaintiffs. The bill charges, that the defendant, Elizabeth, holding the negroes under this bequest, has nevertheless sold one of them as her absolute property, to her co-defendant, Jonathan Lindsay, and is threatening to sell the others out of the state, and that the plaintiffs fear that should this be done, they will suffer irretrievable loss. Upon this statement of facts, the defendant, Lindsay, was enjoined from paying over to the defendant, Elizabeth, the price of the negro sold; and she was enjoined from selling the other negroes.
The defendant, Elizabeth, in her answer, denies that her husband owned the negroes in questionsays they belong *36 ed to her father Jonathan Dough, and by his permission, and under the expectation of a future gift from the said Jonathan, her husband had the use of them at his death, and when he made his will; that her father died in 1824, and by his will bequeathed these negroes absolutely to her ; that being advised they were thus her undisputed property, she sold one of them to meet a demand which she had for money, but that she has no intention to sell the the others out of the state. Upon the coming in of this answer the injunction was dissolved.
When the defendant in his answer to an injunction bill, admits its equity, but sets up matter in defence, the injunction will be continued to the hearing.
It is a general rule, that where a defendant’s answer denies all the equity of the plaintiff’s bill, the injunction ought to be dissolved, but where, admitting the equity therein charged, it brings forward a new fact in avoidance of it, the injunction shall be continued until the hearing. It is insisted, here, on the part of the plaintiffs, that the answer in this case is of the latter description; that the whole matter which it alleges in relation to the negroes having been the property of the defendant’s father, and becoming her’s under a testamentary disposition from him, is new matter set up to avoid the equity 'n the part of the plaintiffs. Certainly the answer does brinfe forward new matter, but does it admit the equity charged 1 The bill is not very precise in its language, but we must understand it, not as setting forth evidence, but as charging facts, otherwise it would be radically defective. It charges then, that the negroes in question were the property of the defendant’s husband, bequeathed to her for life, and in remainder to his children, and it seeks for the relief which a Court of Equity gives to those having a residuary interest in personals, against the immediate holders, who are making away with the property to their injury. The answer denies that the negroes were the property of her husband, and of course denies that she is tenant for life, and that the plaintiffs have any residuary estate in the negroes. This is a denial of the very ground on which the bill rests. But it is urged by the counsel for the plaintiffs, that notwithstanding this denial, still there is an equity undisputed, for that the defendant has taken under the will of her husband, and shall not be allowed to disappoint its provisions, or *37 that she should now be compelled to elect whether to take the property bequeathed by her husband, or that derived under her father’s will. We forbear from expressing an opinion — for it would be premature' — whether the plaintiffs can make out a case, either by way of amended or supplemental bill, disclosing such an equity. If they can, they will not be' precluded from doing so, or from then obtaining appropriate relief. But' this bill does not present such a case. It contains no allegation that die defendant has made an election, and charges no matters upon which an election is prayed, or can be decreed.' Were the cause brought to a final hearing, upon the present allegations of the parties, no relief could be given to the plaintiffs, unless the negroes in question were part of the personal estate of the defendant’s husband, and passed by hiswill, as charged in the bill. Relief must be, not according to the proofs merely, but according to the allegations as sustained by the proofs.
The Court directs that it shall be certified to the Court below, that the interlocutory decree appealed from is correct ; and that said Court be instructed to proceed thereon, according to the usages in equity, and the rights of the parties.
Pee CuRiam. < \ Decree affirmed.